UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAHRLES EDWARD VAN NORT, CDCR #C-09149,<br><br>                                    Plaintiff,<br><br>vs.<br><br><br>EDMUND G. BROWN, Governor;<br>Dr. JEFFREY BEARD, Ph.D, Secretary;<br>J. D. LOZANO, Chief, Office of Appeals;<br>C. ZUNIGA, Appeals Examiner;<br>D. PARAMO, Warden;<br>W. SUGLICH, Assoc. Warden,<br><br>                                   Defendants. | Civil No.    14cv1663 LAB (KSC)<br><br>**ORDER:**<br><br>**(1)  GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br>[ECF Doc. No. 2]**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AGAINST DEFENDANTS BROWN AND BEARD PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)**<br><br>**AND**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF AMENDED COMPLAINT UPON REMAINING DEFENDANTS PURSUANT TO Fed.R.Civ.P. 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Charles Edward Van Nort ("Plaintiff"), an inmate currently incarcerated at the California Health Care Facility in Stockton, California, and proceeding pro se, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983, the Americans with

1  Disabilities Act ("ADA"), 42 U.S.C. § 12101, and the Rehabilitation Act of 1973, 29
2  U.S.C. § 794 (ECF Doc. No. 1).

3      Plaintiff is a disabled "full-time wheelchair user" who claims that while he was
4  incarcerated at Richard J. Donovan Correctional Facility ("RJD") in 2011-2013,[1] he was
5  assigned a "DPW" (Disabled Person Wheelchair) cell, but there was "not enough room
6  for [him] to turn around" without running into the wall, sink, or toilet. *See* Compl. at 12.
7  Plaintiff claims his cell configuration at RJD violated both his Eighth Amendment right
8  to be free of cruel and unusual punishment, and his rights under the ADA, which requires
9  "60 inches of clear space for a wheelchair to make a 180° turn." *Id.* at 12-14, 20, 21.
10 Plaintiff seeks injunctive relief as well as general and punitive damages. *Id.* at 7, 21.
11 Plaintiff further alleges to have exhausted his administrative remedies before filing suit
12 pursuant to 42 U.S.C. § 1997e(a). *Id.* at 7, 27-41, Ex. 2.

13     Plaintiff has not prepaid the civil filing fee; instead he has filed a Motion to
14 Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

**I.   MOTION TO PROCEED IFP**

    All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

---

[1] While Plaintiff was still incarcerated at RJD when he filed suit, he has since filed a Notice of Change of Address indicating he has since been "spirited away" to the California Health Facility in Stockton (ECF Doc. No. 3).

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statement, as well as the attached prison certificate issued by an accounting officer at RJD verifying his account balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF Doc. No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated must be garnished by the California

Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

### A.   Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.     Respondeat Superior Liability

As an initial matter, the Court notes that Plaintiff seeks to sue Edmund G. Brown, Jr., the Governor of California, and Dr. Jeffrey Beard, Jr., the current Secretary of the CDCR, because Brown "oversees all the operations and departments in the state . . . including the CDCR," and Beard, in his capacity as Secretary of the CDCR is "charged with knowing the daily operations and is aware of the layout of all the prisons" in the State. *See* Compl. at 2, 15.  Plaintiff makes no further mention of either Brown or Beard, and he includes no specific factual allegations of individualized constitutional or statutory wrongdoing by either of them in the body of his pleading.

There is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . § 1983 suits."). Instead, a plaintiff "must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual

defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Supervisory officials may only be held liable for the allegedly unconstitutional violations of subordinates under their purview if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional (or statutory) rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08. As currently pleaded, Plaintiff's Complaint fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional or statutory violation personally committed by either the Governor or the Secretary with respect to his cell configuration. *Iqbal*, 556 U.S. at 678.

For this reason, the Court finds Plaintiff's Complaint fails to state a claim upon which relief can be granted as to Defendants Brown or Beard. *See* 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### C. Eighth Amendment and ADA Claims

As to Plaintiff's Eighth Amendment and ADA claims against the remaining Defendants, all prison officials at RJD or inmate appeals officials who are alleged to be directly responsible for knowing about, yet failing to address or correct the conditions in his cell or its failure to accommodate his disability, the Court finds Plaintiff's pleading sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[3] Accordingly, the Court will direct limited U.S. Marshal service on Plaintiff's

---

[3] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is **GRANTED**.

2. The Secretary of the CDCR, or his designee, is **DIRECTED** to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is **DIRECTED** to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's claims against Defendants BROWN and BEARD are **DISMISSED** without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. The Clerk is **DIRECTED** to issue a summons as to Plaintiff's Complaint (ECF Doc. No. 1) upon Defendants LOZANO, ZUNIGA, PARAMO, and SUGLICH, shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint (ECF Doc. No. 1) and the summons so that he may serve each of these Defendants. Upon receipt of this "IFP Package,"

Plaintiff is **DIRECTED** to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

6. Defendants are thereafter **ORDERED** to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond).

7. Plaintiff must serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for the Court's consideration. Plaintiff must include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of that document was served on Defendants, or counsel for Defendants, and the date of that service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: October 17, 2014

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge