FILED

2015 JUL 15 PM 3:57

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____mp_____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES VAN NORT,<br><br>  vs.  Plaintiff,<br><br>EDMUND G. BROWN, JR., et al.,<br><br>  Defendants. | CASE NO. 14cv1663-LAB(KSC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>[Doc. No. 14.] |

Plaintiff Charles Van Nort, a state prisoner proceeding *pro se*, filed this action pursuant to Title 42, United States Code, Section 1983. [Doc. No. 1.] Before the Court is plaintiff's Motion for Appointment of Counsel. [Doc. No. 14.] In his Motion, plaintiff requests that the Court appoint counsel in his case because: (1) he is unable to afford counsel; (2) the issues raised in the Complaint are complex; (3) significant research and investigation will be necessary and he has limited access to a law library; (4) he has a mental defect which limits his ability to prosecute the case; and (5) counsel "would better enable plaintiff to present evidence and cross-examine witnesses." [Doc. No. 14, at pp. 1-2.]

### *DISCUSSION*

An indigent's right to appointed counsel has been recognized to exist "only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services of Durham County, N. C.*, 452 U.S. 18, 25 (1981).

District Courts generally lack authority to require counsel to represent indigent prisoners in Section 1983 cases. *Mallard v. U.S. Dist. Court*, 490 U.S. 296, 298 (1989). However, in certain "exceptional circumstances," the Court may request the voluntary assistance of counsel. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

"A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Terrell*, 935 F.2d at 1017 (internal citations omitted). "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (internal citation omitted).

In this case, there is no basis to support a finding of exceptional circumstances. First, plaintiff has not addressed the likelihood of success on the merits. Nor is a likelihood of success evident from the face of the Complaint.

Second, there is nothing from which this Court could conclude plaintiff lacks the ability to articulate and prosecute his claims *pro se*. He has filed an original Complaint; several motions; and an Opposition to defendants' Motion to Dismiss.

Third, the allegations in the Complaint are not complex. The Complaint alleges defendants have violated the Eight Amendment prohibition against cruel and unusual punishments, because he uses a wheelchair on a full-time basis and has been placed in a cell that is too small to accommodate a wheelchair. According to the Complaint, the small size of the cell makes it difficult for plaintiff to maneuver the wheelchair to access the sink, toilet, bed, and cell door. [Doc. No. 1, at pp. 11-12.]

Fourth, any hardships imposed by plaintiff's incarceration, such as limited access to legal materials, are not enough to establish exceptional circumstances. As expressed in plaintiff's moving papers, these hardships are no different from those encountered by all incarcerated civil litigants.

Finally, *pro se* litigants are afforded some leniency to compensate for their lack of legal training. "In civil rights cases where the plaintiff appears *pro se*, the court

must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003) (internal citation omitted). This also applies to motions. *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003). Accordingly, plaintiff's *pro se* status will be taken into consideration by the Court when his filings are reviewed.

## *Conclusion*

Based on the foregoing, IT IS HEREBY ORDERED THAT plaintiff's Motion for Appointment of Counsel is DENIED.

IT IS SO ORDERED.

Date: July 15, 2015

KAREN S. CRAWFORD
United States Magistrate Judge